**CHICAGO GRAIN PRODUCTS CO., Inc., v. BLAIR, Commissioner of Internal Revenue, et al.**

(District Court, N. D. Illinois, E. D. April 16, 1926.)

Nos. 5664, 5667.

Intoxicating liquors ☜═69—Refusal to approve applications for permits to operate industrial and denatured alcohol plants and bonded warehouses held not arbitrary (National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]).

Prohibition Administrator and Commissioner of Internal Revenue *held* not to have arbitrarily refused to approve applications under National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) for renewal of permits to operate industrial alcohol and denatured alcohol plants and bonded warehouses.

In Equity. Bill and petition for review by the Chicago Grain Products Company,

Inc., to review the refusal of David G. Blair, Commissioner of Internal Revenue, and others, to approve applications for the renewal of certain permits. Bills dismissed.

Good, Childs, Bobb & Wescott, of Chicago, Ill., for petitioner.

Edwin A. Olson, U. S. Dist. Atty., of Chicago, Ill., for respondents.

CLIFFE, District Judge. This matter comes before this court on a bill filed in case No. 5664, and a petition for review filed in case No. 5667, both bill and petition going to the same subject-matter; that is, calling for a review of the decision of the Commissioner of Internal Revenue and the Prohibition Administrator in and about refusal to approve the application for renewal of certain permits mentioned in the pleadings.

The plaintiff is engaged in the business of conducting an industrial alcohol plant at 1602–1608 South Main street, Rockford, Ill., and was at the time of the filing of the bill and for some time thereafter conducting a bonded warehouse in connection therewith; that it also conducted a denaturing alcohol plant at 2055–2059 West Walnut street, Chicago, Ill., together with a bonded warehouse in connection therewith. The answer filed in both cases, and the authority for this court to pass upon the disputed question, is in pursuance of the provisions of sections 5, 6, and 9, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138½bb, 10138½c, 10138½dd).

Both the plaintiff and the government have appeared, evidence was submitted, and a somewhat lengthy hearing was had. Under section 5, above referred to, the permittee "may by appropriate proceeding in a court of equity have the action of the Commissioner reviewed, and the court may affirm, modify, or reverse the finding of the Commissioner as the facts and law of the case may warrant."

"A permittee, invoking judicial revision of an order of revocation, should be prepared, on proper pleadings, to meet in court every charge of violation of state and national law sufficient to entitle him to the relief sought. To hold otherwise would be to cripple the government in its difficult task of eliminating lawless and unfaithful permittees." O'Sullivan v. Potter (D. C.) 290 F. 844. I have therefore proceeded in this matter as a trial de novo, allowing both sides to present any evidence bearing on the question of the revocation of the permits, and numerous exhibits were introduced upon the trial.

It was admitted that the Chicago Grain Products Company, plaintiff herein, had abandoned its industrial alcohol plant, and had not used the same since March, 1925. It made no use of the permit for the purpose for which it had been granted. It was further shown that the applications for the permits in this proceeding were filed on December 18, 1925, and the evidence shows that, after the filing of said applications, on January 4, 1926, the ownership and control was sold and transferred to new parties, who had not been identified with said corporation at the time the applications for permits were made. All the common stock was sold and new officers were elected by the new stockholders. Under this law, a permit is a highly permissive personal privilege, and the permittees must be entitled to the confidence of the department that grants the permit. The evidence shows that the permittee sold large quantities of tax-paid alcohol without legal authority and in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) and the regulations promulgated and authorized under said act. The evidence further shows that the permittee sold most of its output of specially denatured alcohol to certain users of said alcohol, and said users were diverting such alcohol to the beverage trade.

The act (title 2, § 3) provides that it "shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented," and the evidence adduced on this trial shows that the permittee was operating under and by virtue of a law enacted under the police powers of the Government; and from the conditions under which the permittee sold said alcohol to said users, and the conditions under which said users of specially denatured alcohol conducted their business and operations, and taking into consideration all the facts and circumstances adduced upon this trial, this court cannot say that the permittee can be absolved from any responsibility by saying that it had no notice of the methods pursued by the purchasers of its product. And from a careful reading of all of the evidence, and a full consideration of all of the rights of the respective parties hereto, this court is of the opinion that the Commissioner of Internal Revenue and the Prohibition Administrator acted fairly and impartially, and that the exercise of discretion vested in the Commissioner was not arbitrary, but was in full accord with and justified by the facts, with a full recognition of the rights of the permittee.

The bills are therefore dismissed for want of equity.